UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>H. VERA, et al.,<br><br>    Defendants. | Case No.: 1:18-cv-01463-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT, OR NOTIFY THE COURT OF INTENT TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>[ECF No. 1] |

Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed October 24, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

1

relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On December 28, 2017, Plaintiff informed a correctional officer that he was feeling depressed and suicidal. The officer handcuffed and escorted him to the program office for suicidal ideation. While being escorted, Defendant correctional officer H. Vera told Plaintiff, "I'm not to be fucked with." Plaintiff responded that he just wanted his "property so it won't get lost." Vera then slammed Plaintiff on his stomach and beat Plaintiff all over his body. Plaintiff was unable to defend himself because he was in handcuffs. After Vera stopped beating Plaintiff, Plaintiff told him that he was "going to sue" him, to which Vera responded "go ahead nobody will believe a mentally disturbed inmate."

///
///
///
///
///

# III.

# DISCUSSION

### A. Linkage Under Section 1983

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

### B. Excessive Force

"When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Liberally construed, Plaintiff states a cognizable claim for excessive force against Defendant H. Vera.

### C. Supervisory Liability

Under section 1983, Plaintiff must prove that Sheriff Mims who holds a supervisory position personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against the Warden at Corcoran State Prison. The only basis for such a claim would be respondeat superior, which is precluded under section 1983. Accordingly, Plaintiff fails to state a cognizable claim against the Warden at Corcoran State Prison.

### D. Retaliation

"Prisoners [and pretrial detainees] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison [pretrial] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

Plaintiff makes a vague reference that Defendant Vera subjected him to cruel and unusual punishment in retaliation, but he fails to present any factual allegations to plausibly state a cognizable claim for retaliation. Accordingly, Plaintiff fails to state a cognizable claim for retaliation.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court finds that Plaintiff has stated only a cognizable claim for excessive force against Defendant H. Vera. The Court has identified deficiencies in the complaint, as explained above.

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claim. The Court will then recommend to the District Judge that this case only proceed on the claim set forth above, for the reasons explained in this order.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-89, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations admitted). Plaintiff's amended complaint will also be limited to twenty-five (25) pages.

Plaintiff is also reminded that an amended complaint supersedes all prior complaints. Lacey, 693 F.3d at 927. Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading. Local Rule 220.

///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either an amended complaint, or a notice of his intent to proceed upon the cognizable claim identified in this order; and

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the District Judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated: __**October 30, 2018**__

UNITED STATES MAGISTRATE JUDGE