UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>H. VERA,<br><br>        Defendant. | Case No.: 1:18-cv-01463-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND STAYING ALL MERITS BASED DISCOVERY<br><br>[ECF No. 25] |

Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant's motion for a protective order, filed October 28, 2019.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Vera for excessive force in violation of the Eighth Amendment.

Defendant Vera filed an answer to the complaint on May 21, 2019.

On May 28, 2019, the Court issued the discovery and scheduling order.

1

On October 28, 2019, Defendant Vera filed an exhaustion-related motion for summary judgment, along with a motion for a protective order to stay all merits-based discovery pending resolution of the motion for summary judgment. (ECF Nos. 24, 25.) Plaintiff did not file an opposition and the time to do so has now expired.

## II.

## DISCUSSION

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claims against him if the Court determines the claim is unexhausted. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. Gibbs, 2014 WL 172187, at *3. In Albino, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); Albino, 747 F.3d at 1170-71; Wyatt v. Terhune, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by Albino, 747 F.3d at 1168-69). Here, there is no opposition to Plaintiff to the stay of

discovery. Therefore, Defendant is entitled to the stay of discovery he seeks. Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion to stay all merits-related discovery pending resolution of his exhaustion motion shall be granted. Fed. R. Civ. P. 26(c); Albino, 747 F.3d at 1170-71.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion for a protective order is granted;
2. All merits-based discovery is stayed; and
3. The Court will issue an amended scheduling order, if necessary, after resolution of the pending motion for summary judgment.

IT IS SO ORDERED.

Dated: **December 12, 2019**

UNITED STATES MAGISTRATE JUDGE