| | |
|---|---|
| AUDREE CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. VERA,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-01463-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 24] |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed October 28, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendant Vera for excessive force in violation of the Eighth Amendment.

Defendant Vera filed an answer to the complaint on May 21, 2019.

On May 28, 2019, the Court issued the discovery and scheduling order.

1

On October 28, 2019, Defendant Vera filed an exhaustion-related motion for summary judgment. (ECF No. 24.) Plaintiff did not file an opposition and the time to do so has now expired.[1] Accordingly, Defendants' motion is deemed submitted without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A. Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the

---

[1] On November 6, 2019, Defendants re-served a copy of their motion at Plaintiff's new address of record which was filed on October 30, 2019. (ECF Nos. 26, 27, 28.) On December 16, 2019, Plaintiff filed a request to postpone the proceedings or for an extension of time to file an opposition. (EDCF No. 30.) The Court denied Plaintiff's request to postpone the proceeding, but granted Plaintiff an additional thirty days to file an opposition on December 27, 2019. (ECF No. 31.)

undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B. Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.
### DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal.

Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

### B. Summary of Allegations Underlying Plaintiff's Claims

On December 28, 2017, Plaintiff informed a correctional officer that he was feeling depressed and suicidal. The officer handcuffed and escorted him to the program office for suicidal ideation. While being escorted, Defendant correctional officer H. Vera told Plaintiff, "I'm not to be fucked with." Plaintiff responded that he just wanted his "property so it won't get lost." Vera then slammed Plaintiff on his stomach and beat Plaintiff all over his body. Plaintiff was unable to defend himself because he was in handcuffs. After Vera stopped beating Plaintiff, Plaintiff told him that he was "going to sue" him, to which Vera responded "go ahead nobody will believe a mentally disturbed inmate."

### C. Statement of Undisputed Facts

1. Non-healthcare inmate appeals are appropriate for allegations of excessive force, failure-to-protect, retaliation, or any other alleged misconduct by correctional officers on their superiors. (Attachment 1, Declaration of J. Spaich (Spaich Decl.)¶ 1; Attachment 2, Declaration of J.

4

1 | Ceballos (Ceballos Decl.) ¶ 1; Attachment 3, Declaration of R. Guitierez (Guitierez Decl.) ¶2; Attachment 4, Declaration of S. DeJesus (DeJesus Decl.) ¶ 2.)

2. Non-healthcare inmate appeals are reviewed by the institution Appeals Office and the Office of Appeals. (Spaich Decl. ¶ 2.)

3. When an inmate submits an appeal that does not comply with regulations governing the appeal process, the Appeals Coordinator will reject (or "screen out") and return the appeal with the reason for the screening, and instructions on how to correct the defect, if correction is possible. (Spaich Decl. ¶ 4; Ceballos Decl. ¶ 6; Guitierez Decl. ¶ 6; DeJesus Decl. ¶ 6.)

4. When the Appeals Office receives an inmate appeal, the policy and practice is for an Appeals Coordinator to assign a log number, and make an initial provisional determination of the issue raised by the appeal. (Ceballos Decl. ¶ 6; Guitierez Decl. ¶ 6; DeJesus Decl. ¶ 6.)

5. Plaintiff submitted two inmate appeals between December 28, 2017 and October 24, 2018 that received a decision at the first or second level. (See Guitierez Decl. ¶¶ 10(a)-(b); Ceballos Decl. ¶¶ 10(a)-(b); DeJesus Decl. ¶ 10(a).) Neither of these appeals was accepted or decided at the third and final level of review between December 28, 2017 and October 24, 2018. (Spaich Decl. ¶¶ 8(a)-(b).)

6. No inmate appeals submitted by Plaintiff resulted in a third-level decision between December 28, 2017 and October 24, 2018. (Spaich Decl. ¶ 8(a).) No inmate appeals submitted by Plaintiff were accepted at the third level of review between December 28, 2017 and October 24, 2018. (Spaich Decl. ¶ 8(b).)

7. Appeal log no. TLR 1810226 is an inmate appeal in which Plaintiff grieves the delay in time for second-level decision for appeal log no. CSPC-2-18-00507. (Spaich Decl. ¶ 9.) Plaintiff asserts that appeal log no. CSPC-2-18-00507 concerns his grievance that Officer H. Vera physically beat him. (Id.) Appeal log no. TLR 1810226 was rejected on August 27, 2018, on the ground that Plaintiff submitted the appeal for processing at an inappropriate level, bypassing required lower levels of review. (Id.) Appeal log no. TLR 1810226 was never accepted at the third level. (Id.)

1    8.      Plaintiff never re-submitted appeal log no. TLR 1810226 for review at any level after it
2 was rejected at the third level. (Spaich Decl. ¶¶ 6, 8-11; Ceballos Decl. ¶¶ 8, 10-11; Guitierez Decl. ¶¶
3 8, 10-13; DeJesus Decl. ¶¶ 8, 10.)

     9.      Inmate appeal log no. CSPC-2-18-00507 was never accepted for a third-level review.
(Spaich Decl. ¶ 10.)

     10.     Inmate appeal log no. CSPC-2-18-00507 is the only appeal that addresses the
allegations relevant to this lawsuit. (Ceballos Decl. ¶¶ 6, 10(a)-(b); Spaich Decl. ¶¶ 8-9; Guitierez
Decl. ¶¶ 6, 10-13; DeJesus Decl. ¶¶ 6, 10(a).)[2]

### D.     Analysis of Defendant's Motion

It is undisputed that appeal log no. CSPC-2-18-00507 grieved the incident at issue in this action. (Ceballos Decl. ¶ 10(a).) However, the Court is confused by Defendants' motion and supporting documentation. On the one hand, Defendant submits memorandums of delay from the second level of review in appeal log no. CSPC-2-18-00507, dated March 9, 2018, April 20, 2018, June 1, 2018, July 17, 2018, August 27, 2018, October 10, 2018, November 20, 2018, January 9, 2019, February 22, 2019, March 29, 2019, May 17, 2019, July 2, 2019, and argue that the appeal is still pending at the second level of review. (Ceballos Decl. ¶¶ 10(b), 11 & Ex. B.) Then, on the other hand, Defendant submits a second level review dated February 22, 2018, for this *same* appeal, CSPC-2-18-00507. (Ceballos Decl. Ex. B.) The second level response states, in pertinent part, the following:

> Inmate Chatman AX3772 you claim on December 28, 2017, you were being escorted to CTC by Correctional Officer N. Vera so you could be evaluated for suicidal evaluation. You state you told Vera you wanted all of your property after you were told by the 3B Sergeant he was going to make your property disappear. You claim Officer Vera became hostile and slammed you to the ground, stating don't mess with me, I am the wrong one. You claim Vera proceeded to punch you in the head and smash your head into the ground causing abrasions to the left side of your face.
>
> A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

---

[2] J. Ceballos's declaration references this appeal as CSPC-2-17-00507. (Ceballos Decl. ¶ 10(b).) The Court assumes this is a typographical error given that the appeal is otherwise referenced correctly as CSPC-2-18-00507.

6

> You were afforded an opportunity to participate in the interview process and provide additional information relevant to the alleged staff misconduct. On February 14, 2018, you were interviewed by Sergeant E. Molina and stated you had nothing further to add.
>
> Your appeal is Partially Granted in that: The **Appeal Inquiry** is complete/has been reviewed and all issues were adequately addressed.

(Ceballos Decl., Ex. B, emphasis in original.) It was determined that staff did not violate CDCR policy with respect to the issued presented. (Id.) It is unclear why the second level review issued memorandums of delay *after* a decision was rendered at that level.[3] Defendant does not address this discrepancy and the Court finds that he has failed to meet his initial burden of demonstrating that Plaintiff failed to exhaust the administrative remedies. It is not clear what, if anything, Plaintiff was required to do given that the second level issued a decision on February 22, 2018-which Defendant fails to acknowledge or address. Indeed, Plaintiff attempted to appeal the lack of response in TLR 1810226, complaining of the delay in receiving a second level response, but it was rejected on procedural grounds. Accordingly, because Defendant has failed to meet his initial burden, the burden does not shift to Plaintiff, and Defendant's motion for summary judgment should be denied.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment be denied.

---

[3] California Code of Regulations, title 15, section 3084.5, specifically states:

> When an appeal is received that describes staff behavior or activity in violation of a law, regulation, policy, or procedure or appears contrary to an ethical or professional standard that could be considered misconduct as defined in subsection 3084(g), whether such misconduct is specifically alleged or not, the matter shall be referred pursuant to subsection 3084.9(i)(1) and (i)(3), to determine whether it shall be:
>
> (A) Processed as a routine appeal but not as a staff complaint.
>
> (B) Processed as a staff complaint appeal inquiry.
>
> (C) Referred to Internal Affairs for an investigation/inquiry.

Cal. Code Regs. tit. 15, § 3084.5(b)(4)(A)-(C). It appears appeal log no. CSPC-2-18-00507 was processed as a staff complaint appeal inquiry.

7

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 7, 2020**__

UNITED STATES MAGISTRATE JUDGE