UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. VERA, et al.,<br><br>　　　　Defendants. | No. 1:18-cv-01463-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 24, 33) |

　　　　Plaintiff Audree Chatman is proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This case now proceeds on plaintiff's claim against defendant H. Vera for excessive use of force in violation of the Eighth Amendment of the United States Constitution. (Doc. No. 11.)

　　　　On October 28, 2019, defendant Vera filed a motion for summary judgment based on plaintiff's purported failure to exhaust his administrative remedies prior to filing suit as is required. (Doc. No. 24.) Plaintiff did not file an opposition to defendant's motion despite receiving an extension of time in which to do so from the court. (Doc. No. 31.)

　　　　On February 10, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment be denied

1

because defendant has failed to meet his initial burden to "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." (Doc. No. 33 at 3, 7) (citing *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).) In particular, the magistrate judge found contradictions in defendant's arguments and the documentation submitted to the court in support of the motion. (*Id*. at 6–7.) On the one hand, defendant argued that plaintiff's inmate grievance regarding excessive use of force is still pending at the second level of review and attached as exhibits to his motion twelve memorandums of delay dated between March 2018 and July 2019 stating that the due date for the second level review had been extended. (*Id*.) But, on the other hand, defendant also attached a response dated February 22, 2018, stating that plaintiff's appeal inquiry at the second level had been completed and that staff did not violate CDCR policy with respect to the issue plaintiff had presented in his inmate grievance.[1] (*Id*.) In the pending findings and recommendations, the magistrate judge pointed out this discrepancy, stating:

> It is unclear why the second level review issued memorandums of delay *after* a decision was rendered at that level. Defendant does not address this discrepancy and the Court finds that he has failed to meet his initial burden of demonstrating that Plaintiff failed to exhaust the administrative remedies. It is not clear what, if anything, Plaintiff was required to do given that the second level issued a decision on February 22, 2018—which Defendant fails to acknowledge or address.

(*Id*. at 7.) Defendant had an opportunity to address these concerns by filing objections to the pending findings and recommendations, but did not do so. The pending findings and recommendations were served on the parties and contained noticed that any objections thereto were to be filed within thirty (30) days. (*Id*. at 8.) No objections have been filed and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

---

[1] There is no evidence before the court showing that plaintiff ever received a copy of the response from the second level of review. In the "Second Level – Staff Use Only" section on plaintiff's Form 602 for the grievance at issue, the space for "Date mailed/delivered to appellant" is left blank. (Doc. No. 24-3 at 41.)

undersigned concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 10, 2020 (Doc. No. 33) are adopted in full;
2. Defendant's motion for summary judgment due to plaintiff's failure to exhaust his administrative remedies, with respect to the claims presented in this action, prior to filing suit as required (Doc. No. 24) is denied; and
3. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **April 7, 2020**

_____
UNITED STATES DISTRICT JUDGE