UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>H. VERA,<br><br>　　　　Defendant. | Case No.: 1:18-cv-01463-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 46) |

　　　　Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel, filed November 8, 2021. Plaintiff asks for appointment of counsel because he is unable to afford counsel; his imprisonment limits his ability to litigate properly; the issues involved in this case are complex; a trial in this case will likely involve conflicting testimony and counsel would be able to present adequate evidence and cross-examine witnesses; he has limited knowledge of the law; he is housed in segregation; and he has not been able to obtain a lawyer on his own. (ECF No. 46.)

　　　　There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490

U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  The Court is faced with similar cases almost daily. Plaintiff is proceeding on a claim of excessive force against a single Defendant and the legal issues present in this action are not complex.  Plaintiff has thoroughly set forth his allegations in the complaint and litigated this case to date.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Accordingly, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **November 12, 2021**

UNITED STATES MAGISTRATE JUDGE