UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>           Plaintiff,<br><br>    v.<br><br>H. VERA,<br><br>           Defendant. | Case No.: 1:18-cv-01463-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION FOR EXTENSION OF TIME AS MOOT, AND DENYING THIRD MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF Nos. 59, 60) |

Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This case is currently set for a telephonic trial confirmation hearing on April 25, 2022, at 1:30 p.m. before District Judge Dale A. Drozd.

Currently before the Court is Plaintiff's third motion for an extension of time to file a pretrial statement and request for appointment of counsel, filed February 4, 2022.

Inasmuch as the Court granted Plaintiff's second motion for an extension of time to file a pretrial statement on January 26, 2022 (ECF No. 57), which is presently due on or before February 28, 2022, Plaintiff's third motion for an extension of time is moot and shall be denied.

///

///

///

1

As Plaintiff is aware, there is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, Plaintiff seeks counsel because he is presently without his legal property due to a transfer to a different facility. The Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court is faced with similar cases almost daily. Plaintiff is proceeding on a claim of excessive force against a single Defendant and the legal issues present in this action are not complex. Plaintiff has thoroughly set forth his allegations in the complaint and litigated this case to date. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand v. Rowland</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better- particularly in the realm of discovery and the securing of expert testimony.") Although it is unfortunate that Plaintiff is presently without his legal property due to his transfer, the Court has previously granted Plaintiff an extension of time to file his pretrial statement which is presently due on

or February 28, 2022.  Accordingly, Plaintiff's third motion for appointment of counsel is DENIED, without prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's third motion for an extension of time to file a pretrial statement is denied as moot; and

2. Plaintiff's third motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:  **February 7, 2022**

UNITED STATES MAGISTRATE JUDGE