UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. VERA,<br><br>　　　　　Defendant. | Case No.: 1:18-cv-01463-DAD-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTIONS FOR INCARCERATED WITNESSES<br><br>(ECF Nos. 62, 63) |

Plaintiff Audree Chatman is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motions for incarcerated witnesses, filed February 8, 2022 and February 28, 2022. Defendant filed an opposition on March 22, 2022. Plaintiff did not file a reply and the time to do so has now passed. Local Rule 230(l).

**I.**

**DISCUSSION**

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation. Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of

transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

This action is proceeding against Defendant H. Vera for excessive force in violation of the Eighth Amendment.  In the February 8, 2022 filing, Plaintiff contends that three inmate have come "forward and expressed that they were at CSP-Corcoran 3B Facility and witnessed the 'whole situation' involving Defendant and I."  (ECF No. 62 at 1.)  Plaintiff further states that he knows "one of inmates full name and CDCR # but the other two inmates I only know their names, no CDCR #'s." (Id.)  In the February 28, 2022 filing, Plaintiff submits that the witnesses are: (1) Larry Alford, CDCR # AU-8727, CSP-Sacramento, Facility A; and (2) Melvin Woods, CDCR # AF01833, CSP-Sacramento, Facility A.  (ECF No. 63 at 1.)  Plaintiff declares that he was "informed by Larry Alford, CDCR # AU-8727, on 1/22/2022 at CSP-Sacramento that he was an eyewitness to the relevant facts of this case and that he is willing to testify without being subpoenaed.  On December 28, 2017, Larry Alford witnessed the incident between Defendant H. Vera and myself while attending yard recreation."  (ECF No. 64 at 1.)

### A.  Inmate Witness Larry Alford

After weighting the relevant factors and based on the review of Plaintiff's declaration, the Court finds that inmate witness Larry Alford has first-hand knowledge of the December 28, 2017 incident involving Defendant Vera that is relevant and may corroborate Plaintiff's case.  Indeed, Defendant does not oppose Plaintiff's request for witness Alford.  Thus, Plaintiff has sufficiently demonstrated that Mr. Alford's presence at trial will substantially further the resolution of the case.  Accordingly, Plaintiff's request for the attendance of inmate witness Larry Alford shall be granted.

///

///

///

**B.     Inmate Witness Melvin Woods**

As to inmate Melvin Woods, Plaintiff fails to provide any information as to this prospective witnesses actual knowledge of any facts relevant to his excessive force claim against Defendant Vera. Accordingly, the Court cannot make a finding that any testimony by inmate witness Melvin Woods will substantially further the resolution of the case. Accordingly, Plaintiff's request for the attendance of inmate witness Melvin Woods shall be denied.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness Larry Alford is granted,
2. Plaintiff's motion for the attendance of inmate witness Melvin Woods is denied; and
3. The Court will issue the necessary writ of habeas corpus ad testificandum as to inmate Larry Alford approximately one month prior to the trial date set in this matter.

IT IS SO ORDERED.

Dated:   **April 11, 2022**

UNITED STATES MAGISTRATE JUDGE

3