1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AUDREE CHATMAN,                          No.  1:18-cv-01463-DAD-SAB (PC)

12              Plaintiff,

13        v.                                   TENTATIVE PRETRIAL ORDER

14    H. VERA,

15              Defendant.

16

17        On May 11, 2022, the court conducted a final pretrial conference.  Plaintiff Audree

18    Chatman, appearing *pro se* in this action, appeared telephonically; Deputy Attorneys General

19    Joshua S. Shuster and Joanna B. Hood appeared telephonically as counsel for defendant.  Having

20    considered the parties' pretrial statement and the views of the parties, the court issues this

21    tentative pretrial order.

22        Plaintiff Audree Chatman is proceeding *pro se* and *in forma pauperis* in this civil rights

23    action pursuant to 42 U.S.C. § 1983.   This action is proceeding against defendant H. Vera for

24    excessive use of force in violation of the Eighth Amendment.  This matter is now set for jury trial

25    on August 30, 2022.

26    I.        JURISDICTION/VENUE

27        Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343(b).  Jurisdiction is not contested.

28        Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

II.     JURY

Both parties have demanded a jury trial.  (Doc. Nos. 1, 17.)  The jury will consist of eight jurors.

III.    UNDISPUTED FACTS

1.      At all times relevant to this action, plaintiff Audree Chatman was incarcerated at California State Prison, Corcoran (COR).

2.      At all times relevant to this action, defendant Vera was a correctional officer employed by the California Department of Corrections and Rehabilitation (CDCR) at COR.

3.      At all times relevant to this action, defendant Vera's work assignment was based in COR's Facility 3B.

4.      At all times relevant to this action, plaintiff was housed in COR's Facility 3B.

5.      On December 28, 2017, defendant Vera and correctional officer Simpliciano proceeded to escort plaintiff from a 3B program office to the correctional treatment center (CTC).

6.      During the escort, plaintiff made a verbal request for his property.

7.      Defendant Vera and correctional officer Simpliciano did not complete plaintiff's escort to the CTC.

8.      Staff members other than defendant and Simpliciano completed plaintiff's escort to the CTC.

IV.     DISPUTED FACTUAL ISSUES

1.      Whether defendant Vera used any force against plaintiff during the escort on December 18, 2017.

2.      Whether any force that defendant Vera applied to plaintiff on December 28, 2017 was excessive in violation of the Eighth Amendment.

3.      Whether plaintiff sustained any injuries caused by defendant Vera.

V.      DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*.  The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the

parties at trial.  Plaintiff and defendant anticipate filing what the court characterizes as typical motions *in limine*.  Any motions *in limine* the parties elect to file shall be filed no later than **21 days before trial**.  Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**.  Upon receipt of opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

## VI.   SPECIAL FACTUAL INFORMATION

None.

## VII.   RELIEF SOUGHT

According to the operative complaint, plaintiff seeks $150,000 in damages, costs, and payment of his restitution balance.

## VIII.   POINTS OF LAW

The claims and defenses arise under federal law.  All of plaintiff's claims are brought against the defendants.

1.   The elements of, standards for, and burden of proof in a claim under § 1983 for excessive force in violation of the Eighth Amendment.

2.   The elements of, standards for, and burden of proof in a qualified immunity defense.

3.   The elements of, standards for, and burden of proof for an award of punitive damages.

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.[1]

---

[1]  As the court discussed with the parties at the final pretrial conference, in his objections to this tentative pretrial order, defendant shall identify which of his affirmative defenses, if any, are still asserted for the purposes of the trial of this action.  To the extent that plaintiff disagrees with defendant's identification of those affirmative defenses remaining for trial, plaintiff may state his position in his responses to defendant's objections to this tentative pretrial order.

IX.     ABANDONED ISSUES

None.

X.     WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.[2]  Each party may call any witnesses designated by the other.

A.     **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

    (1)     The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

    (2)     The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

B.     Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial.  The witnesses will not be permitted unless:

    (1)     The witness could not reasonably have been discovered prior to the discovery cutoff;

    (2)     The court and opposing parties were promptly notified upon discovery of the witness;

    (3)     If time permitted, the party proffered the witness for deposition; and

    (4)     If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

/////

---

[2]  Defendant is not required to call all of the witnesses listed.  However, all of defendant's witnesses shall be present on August 30, 2022, by 8:30 a.m., and shall be available for plaintiff to call for direct examination.

XI.     EXHIBITS, SCHEDULES, AND SUMMARIES[3]

Plaintiff's exhibits are listed in **Attachment C**.  Defendant's exhibits are listed in **Attachment D**.  No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits and to provide a list of joint exhibits **no later than 28 days from the date of this order**.  All exhibits must be pre-marked as discussed below.  At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above.  Each binder shall have an identification label on the front and spine.  The parties must exchange exhibits no later than **28 days before trial**.  Any objections to exhibits are due no later than **14 days before trial**.  The final exhibits are due **the Thursday before the trial date.**  In making any objection, the party is to set forth the grounds for the objection.  As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation

**The court does not allow the use of undisclosed exhibits for any purpose, _including impeachment or rebuttal_, unless they meet the following criteria:**

A.      The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

(1)     The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

(2)     The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

/////

---

[3] At the final pretrial conference, the parties were instructed to identify their listed exhibits with greater specificity (by date, Bates stamp number, author or other appropriate description) in their objections to this tentative pretrial order to eliminate any unnecessary disputes over the specific exhibits that each party intends to offer into evidence at trial.

B.   Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial.  The exhibits will not be received unless the proffering party demonstrates:

(1)   The exhibits could not reasonably have been discovered earlier;

(2)   The court and the opposing parties were promptly informed of their existence;

(3)   The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII.   DISCOVERY DOCUMENTS[4]

Plaintiff indicates that no discovery documents will be presented.

Defendant has indicated the intent to introduce plaintiff's deposition transcript, or portions thereof, for purposes of impeachment or rebuttal.

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

## XIII.   FURTHER DISCOVERY OR MOTIONS

All discovery and law and motion practice has now closed in this action under the court's scheduling order.[5]

Plaintiff states that he wishes to conduct further discovery, "having only gained new knowledge of litigation" including the various methods of obtaining discovery.  Plaintiff's request is denied as he has failed to demonstrate good cause to re-open discovery in this case.

/////

---

[4]  As the court discussed with the parties during the final pretrial conference, the parties are directed to clarify in their objections to this tentative pretrial order, with greater specificity, which specific discovery documents they intend to use at trial.

[5]  Discovery opened in this action on August 5, 2019, and after the granting of three extensions of time, expired on November 9, 2020.  (Doc. Nos. 23, 41.)

6

1   Therefore, other than motions *in limine*, no other motions will be allowed absent further

2   order of the court based upon a showing of good cause.

3   XIV.   STIPULATIONS

4   Defendant's counsel have indicated they wish to arrive at a stipulation with plaintiff as to

5   the authenticity of certain of plaintiff's medical records and Central File.[6]

6   XV.   AMENDMENTS/DISMISSALS

7   None.

8   XVI.   SETTLEMENT

9   The parties have not yet participated in a court-ordered settlement conference.  On July 3,

10   2019, Magistrate Judge Stanley A. Boone referred the case to post-screening ADR and set the

11   matter for a settlement conference before Magistrate Judge Barbara A. McAuliffe for September

12   5, 2019.  (Doc. No. 21.)  On August 1, 2019, defendant filed a notice to opt-out of that settlement

13   conference, stating that after investigation of the matter it was unlikely the parties would be able

14   to reach an agreement.  (Doc. No. 22.)   Defendant does not believe a settlement conference

15   would be productive.  However, as the court discussed with the parties during the final pretrial

16   conference, the undersigned requires parties to participate in a court-supervised settlement

17   conference before proceeding to trial.  Because the parties have not yet participated in a court-

18   supervised settlement conference, the court will refer this case to the assigned magistrate judge

19   for the setting of such a settlement conference.  Depending on the assigned magistrate judge's

20   settlement conference procedures, the assigned magistrate judge may hold the settlement

21   conference or may arrange for a different magistrate judge to hold the settlement conference.

22   Defendant is directed to contact the assigned magistrate judge to arrange the setting of a

23   settlement conference.

24   XVII.   JOINT STATEMENT OF THE CASE

25   The parties have not provided a joint statement of the case.  The court has drafted the

26   following neutral statement of the case to be read to the prospective jurors:

27   _____

28   [6] The parties are directed to notify the court whether such stipulation has been agreed upon in their objections to this tentative pretrial order.

7

Plaintiff is a state prisoner and claims that on December 28, 2017, defendant Vera used excessive force against him in violation of the Eighth Amendment and resulting in injury. Defendant denies plaintiff's allegations that any force, let alone excessive force, was used, and that plaintiff suffered any injury as a result.

The parties are directed to raise any objection to this neutral statement of the case in any objections they file to this tentative pretrial order.

## XVIII. SEPARATE TRIAL OF ISSUES

To the extent plaintiff seeks punitive damages, defendant requests bifurcation of the trial on the issue of punitive damages. The court will bifurcate the trial with respect to any amount of punitive damages only. The availability of punitive damages will be submitted to the jury in the first phase of trial, during which the parties will be permitted to introduce evidence as to whether defendants acted maliciously or in any other manner such that they would be liable for punitive damages. If necessary, the court will hold a second phase of trial to determine the amount of punitive damages if found to be available by the jury, during which second phase of trial the parties will be permitted to introduce evidence as to defendant's financial condition.

## XIX. IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

None.

## XX. ATTORNEYS' FEES

Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees. *Kay v. Enrler*, 499 U.S. 432, 435 (1991).

## XXI. TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS

In the event that defendant is required to disclose information concerning his financial status, defendant requests that the court issue a protective order concerning this information under Local Rule 141.1(b)(2).

Defendant does not anticipate the need for special handling of trial exhibits. Both parties request that the court retain all exhibits pending any decision on appeal. The court declines to do so, and will return the exhibits to the parties required to maintain them.

Plaintiff requests that the court issue a protective order pertaining to the abstract of judgment for his felony convictions due to irrelevancy and potential prejudice. (Doc. No. 65 at

9–10.)  The court will address this issue upon receipt of further briefing in motions *in limine*.

XXII.   <u>MISCELLANEOUS</u>

 None.

XXIII.   <u>ESTIMATED TIME OF TRIAL/TRIAL DATE</u>

 Jury trial is set for **August 30, 2022**, at 8:30 a.m. in Courtroom 5 before the Honorable Dale A. Drozd.  Trial is anticipated to last **two to three** court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

 Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV.   <u>PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS</u>

 The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

 The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

 Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to <u>dadorders@caed.uscourts.gov</u> no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

 Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

XXV.   <u>TRIAL BRIEFS</u>

 As noted above, trial briefs are due **7 days before trial**.

/////

XXVI. <u>OBJECTIONS TO PRETRIAL ORDER</u>

Each party is granted **14 days from the date of this order** to file objections to the same. Each party is also granted **7 days thereafter** to respond to the other party's objections.  If no objections are filed, the order will become final without further order of this court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

Dated:   **May 13, 2022**

UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List[7]

1.  Plaintiff Audree Chatman.

2.  Inmate Larry Alford, CDCR #AU8727.

3.  Psychiatric Technician L. Rodriguez.

4.  Psychiatric Technician A. Leal.

---

[7] Plaintiff's lists inmate Melvin Woods, CDCR #AF1833 as a witness; however, on April 11, 2022, plaintiff's request for the attendance of this inmate witness was denied.  (Doc. No. 69.)

**ATTACHMENT B**

Defendant's Witness List

1. Defendant H. Vera (non-expert testimony).

2. Correctional Officer R. Simpliciano (non-expert testimony).

3. Correctional Sergeant E. Molina (non-expert testimony).

4. Correctional Sergeant A. Aranda (non-expert testimony).

5. Correctional officer Alvarado (non-expert testimony).

6. Correctional officer Rodriguez (non-expert testimony).

7. Psychiatric Technician A. Leal (non-expert testimony).

8. Registered Nurse V. Kaur (non-expert and expert testimony).

9. Custodian of records of plaintiff's Central File (non-expert testimony).

10. Custodian of records of the Central File of any inmate witness (non-expert testimony).

11. Custodian of records of plaintiff's medical records (non-expert testimony).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT C**

Plaintiff's Exhibits

1.  CDCR 7219 form dated December 28, 2017, signed by P.T. L. Rodriguez.

2.  CDCR 7219 form dated December 29, 2017, completed at CHCF-Stockton by R.N.

3.  CDCR 7219 form dated January 3, 2018, signed by R.N. Hyacinth Sacayana.

4.  Four pages of mental health progress notes.

5.  Rules Violation Report completed by defendant H. Vera.

**ATTACHMENT D**

Defendant's Exhibits

1. Rules Violation Report log number 4055124.

2. Completed CDCR 7219 form dated December 28, 2017, signed by A. Leal.

3. Video of interview with plaintiff regarding allegations of excessive force, conducted January 27, 2018.

4. Relevant portions of plaintiff's Central File.

5. Progress note regarding plaintiff's new mental health crisis bed (MCHB) admission, dated December 29, 2017.

6. Plaintiff's medical records.[8]

7. Abstracts of Judgment for plaintiff's felony convictions.

8. Abstracts of Judgment for felony conviction of any inmate witnesses.

9. For demonstrative purposes, photographs and/or diagrams of CSP-Corcoran.

---

[8] Prior to the issuance of the court's final pretrial order, defendant must clarify which medical records he seeks to introduce and for what purpose.

14