UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREE CHATMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>H. VERA,<br><br>    Defendant. | No.  1:18-cv-01463-DAD-SAB (PC)<br><br><br>FINAL PRETRIAL ORDER |

On May 11, 2022, the court conducted a final pretrial conference. Plaintiff Audree Chatman, appearing *pro se* in this action, appeared telephonically; Deputy Attorneys General Joshua S. Shuster and Joanna B. Hood appeared telephonically as counsel for defendant. Having considered defendant's objections to the tentative pretrial order[1], the court issues this final pretrial order.

Plaintiff Audree Chatman is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendant H. Vera for excessive force in violation of the Eighth Amendment.  This matter is now set for jury trial on August 30, 2022.

---

[1] Plaintiff has not filed objections to the tentative pretrial order and the time to do so has since passed. Defendants filed their objections to that tentative pretrial order on May 27, 2022.  (Doc. No. 80.)

1

I.   JURISDICTION/VENUE

Jurisdiction is predicated on 28 U.S.C. §§ 1331 and 1343(b).  Jurisdiction is not contested.

Venue is proper pursuant to 28 U.S.C. § 1391(b).  Venue is not contested.

II.  JURY

Both parties have demanded a jury trial.  (Doc. Nos. 1, 17.)  The jury will consist of eight jurors.

III. UNDISPUTED FACTS

1. At all times relevant to this action, plaintiff Audree Chatman was incarcerated at California State Prison, Corcoran (COR).

2. At all times relevant to this action, defendant Vera was a correctional officer employed by the California Department of Corrections and Rehabilitation (CDCR) at COR.

3. At all times relevant to this action, defendant's work assignment was based in COR's Facility 3B.

4. At all times relevant to this action, plaintiff was housed in COR's Facility 3B.

5. On December 28, 2017, defendant and correctional officer Simpliciano proceeded to escort plaintiff from a 3B program office to the correctional treatment center (CTC).

6. During the escort, plaintiff made a verbal request for his property.

7. Defendant and correctional officer Simpliciano did not complete plaintiff's escort to the CTC.

8. Staff members other than defendant and Simpliciano completed plaintiff's escort to the CTC.

IV.  DISPUTED FACTUAL ISSUES

1. Whether defendant used any force against plaintiff during the escort on December 28, 2017.

2. Whether any force that defendant applied to plaintiff on December 28, 2017 was excessive in violation of the Eighth Amendment.

3. Whether plaintiff sustained any injuries caused by defendant.

/////

V. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

The parties have not yet filed motions *in limine*. The court does not encourage the filing of motions *in limine* unless they are addressed to issues that can realistically be resolved by the court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Plaintiff anticipates filing motions *in limine*. Defendant anticipates filing motions *in limine*. Any motions *in limine* counsel elects to file shall be filed no later than **21 days before trial**. Opposition shall be filed no later than **14 days before trial** and any replies shall be filed no later than **10 days before trial**. Upon receipt of any opposition briefs, the court will notify the parties if it will hear argument on any motions *in limine* prior to the first day of trial.

VI. SPECIAL FACTUAL INFORMATION

None.

VII. RELIEF SOUGHT

According to the operative complaint, plaintiff seeks $150,000 in damages, costs, and payment of his restitution balance.

VIII. POINTS OF LAW

The claims and defenses arise under federal law. All of plaintiff's claims are brought against the defendants.

1. The elements of, standards for, and burden of proof for linkage between the actions of the defendants and alleged harm suffered by plaintiff in a claim under § 1983.
2. The elements of, standards for, and burden of proof in a claim under § 1983 for excessive force in violation of the Eighth Amendment.
3. The elements of, standards for, and burden of proof in a qualified immunity defense.
4. The elements of, standards for, and burden of proof in an Eleventh Amendment sovereign immunity defense.
5. The elements of, standards for, and burden of proof for an award of punitive damages.

3

Trial briefs addressing the points of law implicated by these remaining claims shall be filed with this court no later than **7 days before trial** in accordance with Local Rule 285.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

IX.  ABANDONED ISSUES

None.

X.  WITNESSES

Plaintiff's witnesses shall be those listed in **Attachment A**.  Defendant's witnesses shall be those listed in **Attachment B**.[2]  Each party may call any witnesses designated by the other.

    A.  **The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria:**

        (1)  The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2)  The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph B, below.

    B.  Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider

/////

---

[2] Defendant is not required to call all of the witnesses listed. However, all of defendant's witnesses shall be present on August 30, 2022, by 8:30 a.m., and shall be available for plaintiff to call for direct examination. Due to the parties' stipulation as to the authenticity of plaintiff's unaltered medical and Central File records, however, the following witnesses listed in Attachment B will not be required to be present at 8:30 a.m. on August 30, 2022 but shall be on standby should their trial testimony be required:

9. Custodian of records of Plaintiff's Central File (non-expert testimony);
10. Custodian of records of the Central File of any inmate witness (non-expert testimony); and
11. Custodian of records of Plaintiff's medical records (non-expert testimony).

4

whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

## XI. EXHIBITS, SCHEDULES, AND SUMMARIES

Plaintiff's exhibits are listed in **Attachment C**. Defendant's exhibits are listed in **Attachment D**. No exhibit shall be marked with or entered into evidence under multiple exhibit numbers, and the parties are hereby directed to meet and confer for the purpose of designating joint exhibits. All exhibits must be pre-marked as discussed below. At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2. Plaintiff's exhibits shall be listed numerically, and defendants' exhibits shall be listed alphabetically.

The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine. The parties must exchange exhibits no later than **28 days before trial**. Any objections to exhibits are due no later than **14 days before trial**. The final exhibits are due **the Thursday before the trial date.** In making any objection, the party is to set forth the grounds for the objection. As to each exhibit which is not objected to, it shall be marked and received into evidence and will require no further foundation

**The court does not allow the use of undisclosed exhibits for any purpose, <u>including impeachment or rebuttal</u>, unless they meet the following criteria:**

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

/////

        (1)    The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

        (2)    The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

    B.    Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

        (1)    The exhibits could not reasonably have been discovered earlier;

        (2)    The court and the opposing parties were promptly informed of their existence;

        (3)    The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties

## XII.    DISCOVERY DOCUMENTS

Plaintiff indicates that no discovery documents will be presented.

Defendant has indicated the intent to introduce plaintiff's deposition transcript, or portions thereof, for purposes of impeachment or rebuttal.

Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court no later than **14 days before trial**.

## XIII.    FURTHER DISCOVERY OR MOTIONS

All discovery and law and motion practice has now closed in this action under the court's scheduling order.[3]

/////

---

[3] Discovery opened in this action on August 5, 2019, and after three extensions of time, expired on November 9, 2020. (Doc. Nos. 23, 41.)

Plaintiff submits that he wishes to conduct further discovery, "having only gained new knowledge of litigation" including the various methods of obtaining discovery. Plaintiff's request is denied because he has failed to demonstrate good cause to re-open discovery.

Therefore, other than motions *in limine*, no other motions will be allowed absent further order of the court based upon a showing of good cause.

XIV.  STIPULATIONS

The parties have now stipulated to the authenticity of plaintiff's unaltered medical and Central File records, as maintained by CDCR, for use as exhibits at trial. Defendant reserves the right to object to such exhibits on other grounds. (Doc. No. 80 at 3.)

XV.  AMENDMENTS/DISMISSALS

None.

XVI.  SETTLEMENT

The parties have not yet participated in a court-ordered settlement conference. On July 3, 2019, Magistrate Judge Stanley A. Boone referred the case to post-screening ADR and set the matter for a settlement conference before Magistrate Judge Barbara A. McAuliffe for September 5, 2019. (Doc. No. 21.) On August 1, 2019, defendant filed a notice opting out of the settlement conference, stating that after investigation of the matter counsel for defendant believed it was unlikely the parties would be able to reach an agreement resolving this case. (Doc. No. 22.) Defendant still does not believe a settlement conference would be productive. Nonetheless, as the court discussed with the parties during the final pretrial conference, the undersigned requires parties to participate in a court-supervised settlement conference before proceeding to trial. Because the parties have not yet participated in a court-supervised settlement conference, the court will refer this case to the assigned magistrate judge for the setting of a settlement conference. Depending on the assigned magistrate judge's settlement conference procedures, the assigned magistrate judge may hold the settlement conference or may arrange for a different magistrate judge to hold the settlement conference. Defendant is directed to contact the assigned magistrate judge to arrange to set the settlement conference.

/////

XVII. <u>JOINT STATEMENT OF THE CASE</u>

The parties have not provided a joint statement of the case. The court has drafted the following neutral statement of the case to be read to the prospective jurors:

> Plaintiff is a state prisoner and claims that on December 28, 2017, defendant Vera used excessive force against him by slamming him on his stomach and beating him in violation of the Eighth Amendment and resulting in injury. Defendant denies plaintiff's allegations that any force, let alone excessive force, was used, and that plaintiff suffered any injury as a result.

XVIII. <u>SEPARATE TRIAL OF ISSUES</u>

To the extent plaintiff seeks punitive damages, defendant requests bifurcation of the trial on the issue of punitive damages. The court will bifurcate the trial with respect to any amount of punitive damages only. The availability of punitive damages will be submitted to the jury in the first phase of trial, during which the parties will be permitted to introduce evidence as to whether defendants acted maliciously or in any other manner such that they would be liable for punitive damages. If necessary, the court will hold a second phase of trial to determine the amount of punitive damages, during which the parties will be permitted to introduce evidence as to defendant's financial condition.

XIX. <u>IMPARTIAL EXPERTS/LIMITATION OF EXPERTS</u>

None.

XX. <u>ATTORNEYS' FEES</u>

Plaintiff, who is proceeding *pro se*, is not entitled to attorney's fees. *Kay v. Enrler*, 499 U.S. 432, 435 (1991).

XXI. <u>TRIAL PROTECTIVE ORDER AND REDACTION OF TRIAL EXHIBITS</u>

In the event that defendant is required to disclose information concerning his financial status, defendant requests that the court issue a protective order concerning this information under Local Rule 141.1(b)(2).

Defendant does not anticipate the need for special handling of trial exhibits. Both parties request that the court retain all exhibits pending any decision on appeal. The court declines to do so, and will return the exhibits to the parties who will be required to maintain them.

Plaintiff requests that the court issue a protective order pertaining to the abstract of judgment for his felony convictions due to irrelevancy and potential prejudice. (Doc. No. 65 at 9–10.)  The court will address this issue upon receipt of further briefing in motions *in limine*.

XXII.  MISCELLANEOUS

None.

XXIII.  ESTIMATED TIME OF TRIAL/TRIAL DATE

Jury trial is set for **August 30, 2022**, at 8:30 a.m. in Courtroom 5 before the assigned district judge.  Trial is anticipated to last **two to three** court days.  The parties are directed to Judge Drozd's standard procedures available on his webpage on the court's website.

Counsel are directed to call Mamie Hernandez, courtroom deputy, at (559) 499-5652, one week prior to trial to ascertain the status of the trial date.

XXIV.  PROPOSED JURY *VOIR DIRE* AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury *voir dire* **7 days before trial**.  Each party will be limited to fifteen minutes of supplemental jury *voir dire*.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts.  The parties shall file any such joint set of instructions **14 days before trial**, identified as "Joint Jury Instructions and Verdicts."  To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due **14 days before trial**.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a Word document to dadorders@caed.uscourts.gov no later than **14 days before trial**; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed **7 days before trial**; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

/////

## XXV. TRIAL BRIEFS

As noted above, trial briefs are due **7 days before trial**.

IT IS SO ORDERED.

Dated: **June 5, 2022**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

Plaintiff's Witness List[4]

1. Plaintiff Audree Chatman.
2. Inmate Larry Alford, CDCR #AU8727.
3. Psychiatric Technician L. Rodriguez.
4. Psychiatric Technician A. Leal.

---

[4] Plaintiff's lists inmate Melvin Woods, CDCR #AF1833 as a witness; however, on April 11, 2022, plaintiff's request for the attendance of this inmate witness was denied. (Doc. No. 69.)

**ATTACHMENT B**

Defendant's Witness List

1. Defendant H. Vera (non-expert testimony).
2. Correctional Officer R. Simpliciano (non-expert testimony).
3. Correctional Sergeant E. Molina (non-expert testimony).
4. Correctional Sergeant A. Aranda (non-expert testimony).
5. Correctional officer Alvarado (non-expert testimony).
6. Correctional officer Rodriguez (non-expert testimony).
7. Psychiatric Technician A. Leal (non-expert testimony).
8. Registered Nurse V. Kaur (non-expert and expert testimony).
9. Custodian of records of plaintiff's Central File (non-expert testimony).
10. Custodian of records of the Central File of any inmate witness (non-expert testimony).
11. Custodian of records of plaintiff's medical records (non-expert testimony).

**ATTACHMENT C**

Plaintiff's Exhibits

1. CDCR 7219 form dated December 28, 2017, signed by P.T. L. Rodriguez.
2. CDCR 7219 form dated December 29, 2017, completed at CHCF-Stockton by R.N.
3. CDCR 7219 form dated January 3, 2018, signed by R.N. Hyacinth Sacayana.
4. Four pages of mental health progress notes.
5. Rules Violation Report completed by defendant H. Vera.

**ATTACHMENT D**

Defendant's Exhibits

1. Rules Violation Report log number 4055124.
2. Completed CDCR 7219 form dated December 28, 2017, signed by A. Leal.
3. Video of interview with plaintiff regarding allegations of excessive force, conducted January 27, 2018.
4. Progress note regarding plaintiff's new mental health crisis bed (MCHB) admission, dated December 29, 2017.
5. Abstracts of Judgment for plaintiff's felony convictions.
6. Abstracts of Judgment for felony conviction of any inmate witnesses.
7. Inmate Health Assessments Summary.
8. Inmate Health Assessment Details, dated December 28, 2017.
9. Inmate Case Notes Summary regarding plaintiff's aggravated battery on peace officer resulting in use of force, dated January 3, 2018.
10. Inmate Case Notes Summary regarding plaintiff's placement in mental health crisis bed, dated December 29, 2018.
11. Inmate Case Notes Summary regarding plaintiff's threats towards clinician, dated December 28, 2017.
12. Plaintiff's External Movements Summary.
13. Physical Profile Summary, dated December 29, 2017.
14. Classification Review Details regarding plaintiff's ASU Assessment, dated January 17, 2018.
15. Classification Review Details regarding plaintiff's threats toward a clinician, dated January 2, 2018.
16. Inmate Case Notes Summary for December 28, 2017 and January 3, 2018.
17. Effective Communication History Summary.
18. Classification Committee Chrono, dated January 17, 2018.
19. Plaintiff's Photograph and Photograph Details, taken December 29, 2017.

20. Completed CDCR 7219 form dated December 28, 2017.

21. Completed CDCR Form 7219 dated December 29, 2017.

22. Completed CDCR 7219 form, completed on January 3, 2018 but erroneously dated January 3, 2017.

23. Completed CDCR 837-C Incident Report and CDCR 837-C1 Supplement for incident on January 3, 2018.

24. Rules Violation Report log number 4098924, related to January 3, 2018 incident.

25. Rules Violation Report log number 4051626, related to December 28, 2017 incident with clinician.

26. Transcript of plaintiff's deposition, taken October 30, 2020.